IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Douglas S. Younglove,<br><br>    Defendant. | No.  CV-10-0846-PHX-JJT<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, U.S. DISTRICT JUDGE:

  After the Government sought to collect on the Judgment entered in this case by way of a Writ of Garnishment to the Judgment Debtor\Defendant's employer, the Defendant sought a hearing "to object to the validity of the Judgment and underlying debt."  (Doc. 23)  The presiding District Judge referred Defendant's Request for a Hearing to the undersigned for the purpose of deciding the motion and, if a hearing was warranted, to conduct that hearing.  (Doc. 25)

  Defendant's motion asserted no grounds for the requested hearing but his response to the Government's objection to the hearing asserted that the most significant portion of the debt (that asserted in the "Certificate of Indebtedness #2") "is made up entirely of a debt that Defendant has previously paid in full."  (Doc. 26 at p. 2)  This satisfied the Court that a hearing was appropriate under 28 U.S.C. § 3202(d)(3) which provides for a hearing:


Case 2:10-cv-00846-JJT   Document 40   Filed 03/10/16   Page 2 of 4

(3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to--

    (A) the probable validity of the claim for the debt which is merged in the judgment; and

    (B) the existence of good cause for setting aside such judgment.

The Court initiated a three-step process to allow the Defendant to present any evidence which might satisfy the statutory requirements. Defendant had informed the Court that he had such evidence but that "the documentation is in storage inside one or two of numerous boxes that have to be gone through to locate the specific documentation." (Doc. 29) To ensure that Defendant was able to present his claim, the Court's process provided for the Defendant to first request what documents he wished to obtain from the United States. Defendant identified these documents by categorical description. (Doc. 32) One of these requests was for documents supporting Defendant's new assertion that the Government had breached a side-agreement to the promissory note which required the Government to repair Defendant's credit rating.

The Government responded at a February 16, 2016 hearing identifying what documents it possessed responsive to the request and promised to provide the available documents to Defendant. At this hearing, the Government informed Defendant and the Court that it possessed no documents to support this contention about a side-agreement and that it could not enter into such an agreement in any event as the Government does not determine credit ratings.

The stepped process then afforded Defendant the opportunity to produce such evidence that would satisfy the statutory requirements set forth above. At the February 24, 2016 telephonic discovery hearing, the Court reaffirmed that Defendant would have

the opportunity at the March 8, 2016 hearing to produce any evidence he had regarding his claim about the supposed side-agreement.

Defendant appeared at the March 8 hearing and presented no documents or evidence in support of his claims.  When the Court inquired whether Defendant had produced any documents to the Government in compliance with the Court's three-step process, Mr. Younglove responded that he had not produced any documents but that instead he "was seeking production of documents".  This response astounded the Court because it was utterly inconsistent with the previous discussions on the record.  That record reflects that the Government told Mr. Younglove what documents it had, the Government produced those documents, and the Court then gave Mr. Younglove the opportunity at the March 8 hearing to present any documents of his own.  Not only did Mr. Younglove not produce any evidence supporting his claims, he also seemed to disavow that this was expected of him at the March 8 hearing.  Mr. Younglove, a member of the State Bar of Arizona, is not an unsophisticated and unpracticed person in the matters of court.  The previous hearings had made it beyond obvious what was expected from Defendant at the March 8 hearing.  The Court found his response incredible and it certainly fell in line with his previous morphing and unsupported representations to the Court.  First, he had claimed that the debt was "paid in full", a supposition for which he provided no relevant evidence and for which the record evidence seemed plainly contrary.  Later he contended that there was some side-agreement, again for which he provided no evidence, that rendered invalid the debt and which was contrary to the certificates of indebtedness and the Declaration of Christian Lee Odum, Loan Analyst for the United States Department of Education.  (Doc. 38)

In summation, the Court conducted the requested hearing and was presented with no credible or legally supported basis to challenge the requested garnishment.

**IT IS THEREFORE RECOMMENDED** that the Government's Application for Writ of Garnishment be granted.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 10th day of March, 2016.

_____
David K. Duncan
United States Magistrate Judge